[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10735

Non-Argument Calendar

_____

JOHN M. TAYLOR,
Relator,
TUNYA TAYLOR,
Relator,

                                                            Plaintiffs-Appellants,

*versus*

THE MULTIPLAN NETWORK,
CHUBB COMPANY (AMERICA),
CHUBB COMPANY (INTERNATIONAL),
HLA ENROLLMENT CENTER,
FEDERAL INSURANCE COMPANY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02169-JLB-CPT

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

John and Tunya Taylor, proceeding *pro se*, appeal the district court's dismissal of their amended complaint against a number of defendants. The district court dismissed the amended complaint in part because it was an impermissible shotgun pleading, and gave the Taylors an opportunity to file a second amended complaint. But instead of amending their complaint before the deadline expired, the Taylors appealed the district court's dismissal order.

We conclude that the Taylors have abandoned their argument that the district court erred in dismissing their amended complaint because they failed to challenge the reasons for the district court's dismissal. We therefore affirm.

I

A

This is the Taylors' second appeal before us. In their first appeal, the Taylors challenged the district court's dismissal with prejudice of their amended complaint, which asserted *qui tam* claims under the False Claims Act, as well as 21 other federal and state-law claims. *See Taylor v. Multiplan Network*, 817 F. App'x 947 (11th Cir. 2020). Although we noted that the district court correctly dismissed the Taylors' *qui tam* claims because they were filed by *pro se* relators, we held that the dismissal should have been without prejudice. *See id*. Thus, we instructed the district court on remand to "convert the dismissal of the *qui tam* claims to one without prejudice." *Id*. We also instructed the district court to separately analyze the Taylors' additional 21 federal and state-law claims. *See id*. at 948.

On remand, the district court entered an order reopening the case. It also converted the dismissal of the Taylors' *qui tam* claims to a "dismissal without prejudice." D.E. 31 at 2.[1]

In its order, the district court also directed the Taylors to "serve [the amended complaint on] Defendants within sixty days of the date of th[e] Order, and to file the returns of service within seventy-five days." *Id*.

---

[1] The Taylors never obtained counsel following remand, so their *qui tam* claims remained dismissed.

Before the deadline to serve the defendants expired, the Taylors filed a one-page "Notice of Service of Amended Complaint and District Court Order." D.E. 33 at 1. The Taylors' notice of service stated, "[t]his is the official notice from the Relators to the court that all co-defendants in this complaint have been served the Amended [C]omplaint and the District [C]ourt order filed on 8/20/2020." *Id*. Notably, the Taylors' notice of service was unsworn, signed only by Mr. Taylor, and did not specify the method of service. The Taylors never requested a summons from the district court.

B

Following the Taylors' notice of service, defendants MultiPlan, Inc. ("MultiPlan"), MPH Acquisition Holding LLC ("MPH"), Polaris Intermediate Corp. ("Polaris"), My Benefits Keeper ("MBK"), Chubb Company (America) and Chubb Company (International) (collectively, "Chubb"), and Federal Insurance Company ("FIC"), moved to dismiss the amended complaint for insufficient service of process. *See* D.E. 40, 44, 53. MPH and Polaris further argued that dismissal was warranted because the district court lacked personal jurisdiction over them.

The district court then dismissed the amended complaint as an impermissible shotgun pleading and gave the Taylors "an opportunity to amend their pleading." D.E. 72 at 7. The district court explained that the Taylors' amended complaint, which contained 334 paragraphs, was a shotgun pleading that suffered from numerous deficiencies, including that (1) the defendant against whom the

violations or causes of action alleged "[was] not specified"; (2) not all causes of action were supported by "separately identified factual allegations"; and (3) the Taylors alleged various "immaterial facts, standards, and conclusions" throughout the factual background in the amended complaint. *Id.* at 6–7. The district court also found that it lacked personal jurisdiction over MPH and Polaris, two Delaware holding companies without any employees or connection to Florida.

Finally, the district court concluded that the Taylors failed to properly effect process on all defendants. The district court explained that defendants presented "unrefuted evidence" that the Taylors had not attempted to serve either MPH or Polaris, and their attempt to serve Multiplan, FIC, Chubb, and MBK by providing a copy of the complaint without a summons via certified mail did not satisfy, and was inconsistent with, the Federal Rules of Civil Procedure. *Id.* at 16. Notwithstanding these issues, the district court concluded that dismissal of the amended complaint on this basis was "unwarranted" given the procedural posture of the case and the Taylors' *pro se* status. *Id.* at 18. The district court thus held that the "appropriate remedy" was to "quash the return of service" and require the Taylors to "reattempt service of process consistent with the Federal Rules of Civil Procedure," if they decided to file a second amended complaint. *Id.*

Although the district court's order explicitly permitted the Taylors to "file a second amended complaint" within 18 days, they

6                       Opinion of the Court                    22-10735

did not do so. *Id.* at 21. Instead, the Taylors filed the instant appeal a week after the district court dismissed their amended complaint.[2]

## II

The Taylors' argument on appeal is nearly indecipherable. The Taylors seem to appeal the district court's February 25, 2022, order dismissing their amended complaint, but they have listed 11 issues to be decided on appeal without raising any arguments supporting the issues they raised. Indeed, the Taylors' brief includes an extensive summary of district court proceedings—including a chaotic description of what occurred before their first appeal—and citations to inapplicable caselaw, federal rules of civil and appellate procedure, statutes, and constitutional provisions. The Taylors, however, do not raise any argument challenging the district court's dismissal of their amended complaint as a shotgun pleading or the dismissal of some of the parties for lack of jurisdiction. In fact, the Taylors admit that they "do not fully dispute the District Court 02/25/2022 [sic] decision that said complaint may need to be redrafted[.]" Appellants' Br. at 9.

Only one defendant, MBK, filed a response brief. MBK argues in response that the Taylors failed to effect proper service in

---

[2] Before the Taylors filed their notice of appeal, they filed a motion for leave to file an interlocutory appeal, which the district court denied. Additionally, nearly four months after the district court's deadline for filing a second amended complaint expired, and after they appealed, the Taylors filed a motion to amend their complaint.

22-10735 Opinion of the Court 7

accordance with Federal Rule of Civil Procedure 4. Specifically, MBK argues that the Taylors' method of service—mailing a copy of the amended complaint without any summons—was ineffective under Florida law, which requires that service be made on a corporation by having an authorized process server serve certain officers or through limited enumerated methods.

### III

#### A

As an initial matter, we address our jurisdiction. Although none of the parties raised any jurisdictional argument, we may address our jurisdiction *sua sponte*. *See Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013). We write to clarify that we have jurisdiction to hear this appeal given the unusual procedural history and the fact that the Taylors are appealing the district court's dismissal of their amended complaint without prejudice.

When a district court orders the dismissal of a complaint but provides leave to amend within a specified period of time, the dismissal order "becomes final (and therefore appealable) when the time period allowed for amendment expires." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006) (quotation marks omitted). However, "the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may [instead] appeal prior to the expiration of the stated time period." *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). By filing an appeal prior to amending their

complaint, plaintiffs "elect to stand" on their original complaint and "waive[ ] [their] right to further amendment." *Garfield*, 466 F.3d at 1260–61.

The district court here expressly permitted the Taylors to file a second amended complaint consistent with the district court's order on or before March 14, 2022. Instead of filing a second amended complaint, as permitted by the district court, the Taylors decided to appeal. By doing so, the Taylors waived their right to amend their complaint and caused the district court's dismissal order to become a final and appealable order. *See Garfield*, 466 F.3d at 1260–61. We therefore have jurisdiction given that the Taylors are appealing a final order. *See* 28 U.S.C. § 1291.

## B

We next turn to the merits of the Taylors' appeal. We review a district court's dismissal of a complaint on "shotgun" pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Additionally, we liberally construe the filings of *pro se* parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although their brief is difficult to comprehend, the Taylors state that they are appealing the district court's order dismissing their amended complaint. The Taylors, however, have abandoned any argument that the district court erred in dismissing their

amended complaint because they fail to attack on appeal the district court's reasons for dismissing that complaint.[3]

To reverse a district court judgment that was based on multiple, independent grounds, the appellant "must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the appellant fails to properly challenge one of the grounds on which the judgment was based, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* An appellant also abandons a claim when he (a) makes only passing references to it; (b) raises it in a perfunctory manner without supporting arguments and authority; (c) refers to it only in the "statement of the case" or "summary of the argument"; or (d) discusses the issue as mere background to his main arguments or buries the issue within those arguments. *See id.* at 681.

Even reading their *pro se* brief liberally, the Taylors make no argument attacking the actual reasons for which the district court dismissed their amended complaint. Here, the district court dismissed the amended complaint because it was an impermissible shotgun pleading, and because it lacked jurisdiction over MPH and

---

[3] The Taylors also state in their notice of appeal that they are appealing the district court's order reopening the case after remand from their first appeal, but they do not raise any argument regarding that order. As such, their grounds for appealing that order are entirely unclear and equally abandoned.

Polaris. The Taylors, however, raise absolutely no argument that their amended complaint was not a shotgun pleading or that the district court had jurisdiction over MPH and Polaris. On the contrary, the Taylors acknowledge that they "do not fully dispute the District Court 02/25/2022 decision that said the complaint may need to be redrafted[.]" Appellants' Br. at 9.

The Taylors' argument on appeal, at least what can be deciphered from their brief, seems to focus in part on the injustice of allowing corporations to "remain silent." Appellants' Br. at 34, 56, 67. The Taylors believe that they "legally" served the defendants because the defendants were served via electronic court service. *Id.* at 22. But this argument misses the mark entirely because the district court expressly found that dismissal of the amended complaint due to the Taylors' noncompliance with the service of process rules was "unwarranted." D.E. 72 at 18. As such, even the Taylors' argument regarding alleged injustices related to the service of process does not address the district court's reasons for *actually* dismissing their amended complaint.

Given the Taylors' lack of argument challenging the district court's dismissal of their amended complaint and their concession that they do not fully dispute the district court's ruling, we conclude that the Taylors have abandoned their argument that the district court erred in dismissing their amended complaint. *See Sapuppo*, 739 F.3d at 680.

## IV

We therefore affirm the district court's order dismissing the Taylors' amended complaint.

**AFFIRMED.**